Phillips, J.
It is to the interest of the general public that the right and opportunity to engage in any bind of legitimate business should be free to all our people. It is equally important that where one man has established a business, and built it up by means that are peculiar to his business and his conduct thereof, and where *600 that means of making his business conspicuous, and thereby successful, has been incorporated into it so that his business and his proprietorship have become known to the public, known to his patrons ¡by reason of its peculiarity — it is just as important that he should be protected in his business that he should be protected from interference with that peculiarity of his business by any one who would divert his business from him, who would break up his business, or injure it in any way, by imitating this peculiarity that is so identified with no other business. What inducement would there be for one man to build up a business by a certain course of conduct in his business, a certain means of advertising himself in his business, if when he became established, anybody else who wanted to steal that from him, who wanted to benefit by what he had done in building up and benefiting the business, should be allowed to do so. An invention is protected by the federal government by letters patent; that is to encourage men to invent and get all benefit of their work from invention for a limited period while there is a patent. That excludes everybody else, and that is fair to the man who made the invention; that encourages men to invent, and the business world has made great progress by reason of that protection given to the man of inventive genius. Trade-marks may be patented; that is given to the party using the trade-mark and obtaining this protection, which is to give him exclusive benefit of his trade-mark and excluding everybody else from using it. It is the means of identifying his business and his product or whatever it may be that is designated by the trade-mark; it is to give him exclusive benefit of that feature of his business and exclude everybody else from it; and that is fair to everybody. If I have established a business and brought it to a success by the use of a trade-mark, by the use of a patented invention, by the use of anything that distinguishes it to the buying public — if I have done that, upon what theory of right and justice could it be said or maintained that somebody else could come in and appropriate that to his use .and to my detriment? That would be discouraging; that would be inviting men to use deception in their business, and so on. I need not comment upon *601 these features. I think they are plain to everybody who takes time to think about it.
Now I think this case does not involve the matter of colors, the object of this action for injunction is not to give the plaintiff-a monopoly of some color that he may be using in his business.! A man could not by the use of any one color, obtain a monopoly in the use of such color. The colors involved here are black and white. The plaintiff does not seek to prevent the defendant from using the white color on his cab; plaintiff does not seek to prevent the defendant from using black and white on his cabs. If this injunction shall be granted as prayed for it would not restrain the defendant from using black or white or white and black in the color of his cabs. The purpose of this action is to restrain the defendant from using a certain combination of these two colors in such close imitation of the combination used by plaintiff that the public will be misled by it, and that the defendant will thereby obtain the benefit of a certain combination of these colors that belongs to the plaintiff. The object of using these colors in this combination is to make the plaintiff’s vehicles conspicuous and to identify them and associate them with his business; and people who are familiar with the black and white taxicab used by the plaintiff may not look beyond that in selecting or employing the taxicab. That is such a conspicuous feature of plaintiff’s business that a vehicle on the street having these colors will be known at once by people that have any interest in that kind of business, will be recognized at once as a vehicle belonging to the plaintiff; and the resemblance of defendant’s vehicle is so close that people may be misled by it and give employment to the defendant believing they are giving it to the plaintiff. A man going to employ a taxicab will not go and examine the make of the machine and make an inspection of it; he would see it fifty yards away and just give it a casual glance and take it to be a vehicle belonging to the plaintiff if he was looking for a vehicle belonging to the plaintiff, if he was a patron or wanted to 'become a patron for the time of the plaintiff. The kind of inspection that is given to such matters in the affairs of life would not reveal the difference, would not disclose the imita *602 tion, and a patron might be misled to the detriment of the plaintiff and to the disappointment and possible detriment of the patron; and the defendant would wrongfully get the benefit of the reputation that the plaintiff may have established and built up in its business, which would be diverting business that really belonged to the plaintiff. Now that is not allowable; I do not care whether it deals with colors, labels, or what not. It is a kind of deception which the courts can not uphold.
This similarity in colors-is not accidental; it is studied. This design has evidently been adopted by the defendant because of the familiarity of the public with that design of taxicab; he qame to use that design or kind of advertising after it had been used by the plaintiff and after plaintiff had expended a considerable amount of money in building up a business in which this color scheme has played an important part and had become identified with plaintiff’s business, and the public had become .acquainted with it in such way that plaintiff thereby had the confidence and good will and patronage of some portion of the public. Now that belongs to the plaintiffs; that is an advantage they, have made for themselves. The defendant ought not to be allowed to surreptitiously take it away from them. The similarity of the cars used by the plaintiff and those used by the defendant is such that it shows conclusively that the one was made in imitation of the other; there is nothing particularly attractive about that color of taxicab, nothing except the novelty of it. Those are not attractive colors for an automobile. It makes the machine conspicuous; it attracts attention because of its novelty, not because of its beauty; it makes it conspicuous and therefore gives character and identity to plaintiff’s business. Anybody would just as soon ride in an automobile of some other color. I think I would a little rather take a machine, if I was going to hire a taxicab, that was not quite so conspicuous; but it attracts .attention ; it is a good way of doing that. If the defendant, as he says he did, admired those colors and admired that combination —I mean .a combination of black and white — on his machine, how does it come that he selected a deáign almost identical with that of the plaintiff. I think the evidence shows very clearly that these colors and this combination of colors or form of the *603 decorations on the machine were adopted because the plaintiff had used them, and with apparent success; they had attracted the attention of the public, or part of the public, to their taxicab business by the use of this peculiar combination of colors ont their wagons.
I think it is clearly a ease of unfair competition. I would hardly say the plaintiff has acquired a property right in the use of these colors, and this combination of colors; it may not amount to a property right, but it has become so identified with their business that it has become a part of their business. Defendant may compete with the plaintiff in the taxicab business, but his competition must be fair. He must not be allowed to steal away from them, nor to undertake to steal .away from them, what they have used and which is so identified with their business that it has become a part of the business they are engaged in. If the plaintiff should cease to use these colors and this combination of colors they would lose a certain status of publicity and identity, they have acquired by the use of this combination of colors on their wagons; therefore it is a thing of value to them.
I do not remember what the prayer of the petition is—
Mr. Rocker: If this is a ease where the court will grant the prayer of the petition I think it would be no more than fair to allow us time to make these changes, or the business of the defendant would be entirely at a standstill.
The Court: I agree with you in that, although the defendant’s invasion of the right of the plaintiff has been wrongful, I think it would only be fair that we should not protect the plaintiff by destroying the defendant. He ought to have a reasonable opportunity to stop the use of these colors and this combination.
Mr. Schwartz: I want to ask the court if the defendant would paint his oars entirely white other than the leather part of the car, which could not be painted white; would that be within the court’s ruling in competition with the plaintiff?
The Court: I expected that question. I anticipated you. I' was looking for a question of that kind from you. I have found it a pretty good practice to decide law suits only after they are brought and submitted, and I think I shall do pretty well to decide the questions I have to decide, and decide them rightly. I *604 would rather not express my opinion about that, but as I said I was expecting I might be confronted with a question of that kind. I have not looked up the law on that, and really I have not any decided opinion About the question you have asked. Certainly if I am right in my view of this case, the defendant; ought to abandon the use of colors and combination of colors of his wagons that would tend to deceive the public. He ought so to change his wagon in that respect that his vehicles might not be mistaken for those of the plaintiff. I think that would be the principle that ought to govern. Whether to paint the vehicle entirely white would ibe an invasion of the plaintiff’s rights I have no definite opinion. While it came into my mind I did not try to consider it so as to form any opinion about it. I gave my attention to the question I knew I would have to decide. Now I do not like to make an order that would look like punishment of the defendant.
Mr. Grossman: It is not our desire to punish or harass the defendant. We are content to give him ,a reasonable length of time.
The Court: The defendant has a business and a patronage, and that ought not to be disturbed, other than it must be disturbed in order to protect the plaintiff.
Mr. Rocker: I was going to suggest, Your Honor, that he bo allowed a certain time for each cab, so that he can keep cabs running. We do not want to be obliged to take the cabs from the street. We would like a certain time for each cab so he may operate them continuously without taking them all off at one time.
The Court: I think you gentlemen can agree upon the journal entry to protect both parties. I have said, “Injunction granted as prayed for, see journal. ’ ’ The entry will have to be prepared and O. K’d by both of you gentlemen and by myself before it can be journalized.